IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| FOOD SERVICE SUPPLY INTERNATIONAL INC., <br><br> Plaintiff, <br><br> LANAYA HILL, an individual whose true identity is unknown or incompletely known; ALAN CHERMIT, an individual whose true identity is unknown or incompletely known; and John Does 1-3, <br><br> Defendants. | 3:26-cv-00066-SAL <br><br> **COMPLAINT** <br> **(Jury Trial Requested)** |

Plaintiff FOOD SERVICE SUPPLY INTERNATIONAL INC. ("FSSI"), by and through its undersigned counsel, brings this action for damages against the above-named Defendants and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendants' unlawful acts occurred in, and substantially affected, this District, and Defendants received and controlled funds within this District.

3. The Court has personal jurisdiction over Defendants because:

    a. Defendants directed their fraudulent scheme at Plaintiff in South Carolina;

    b. Defendants caused harm to Plaintiff within South Carolina;

1

    c. Defendants received funds in South Carolina banking institutions;

    d. Defendants' tortious conduct has a substantial connection to South Carolina.

## II. PARTIES

4. FOOD SERVICE SUPPLY INTERNATIONAL INC. is a South Carolina corporation headquartered in Richland County, engaged in the business of shipping equipment and supplies to restaurant chains, including Applebee's and IHOP, on a worldwide basis. The company maintains commercial banking accounts with Truist Bank in Columbia, South Carolina.

5. LANAYA HILL is an individual who opened or controlled an account at JPMorgan Chase Bank, National Association, and who received the proceeds of a fraudulent wire transfer in the amount of $189,888.00 on or about August 21,

6. The true identity and current whereabouts of this individual are partially unknown to Plaintiff.

7. ALAN CHERMIT is an individual who opened or controlled an account at Bank of America, National Association, and who received the proceeds of a fraudulent wire transfer in the amount of $189,888.00 on or about August 21,

8. The true identity and current whereabouts of this individual are partially unknown to Plaintiff.

9. JOHN DOE #1, JOHN DOE #2, and JOHN DOE #3 are individuals who participated in the fraudulent scheme alleged herein and whose true identities are currently unknown or incompletely known to Plaintiff. Such Defendants may be identified through subpoena discovery directed to financial institutions and law enforcement agencies.

## III. FACTUAL ALLEGATIONS

8. FSSI has operated a legitimate, established business for approximately 16 years, shipping specialized equipment and supplies for major restaurant chains throughout the world.
9. Prior to August 21, 2025, FSSI had executed only one wire transfer in its 16-year history.
10. FSSI maintained a banking relationship with Truist Bank.
11. In or around August 2025, Defendants participated in a cyber-crime and wire fraud scheme targeting FSSI, resulting in the transfer of funds totaling $379,776.00 from FSSI's Truist account.
11. LANAYA HILL received the sum of $189,888.00 in an account at JPMorgan Chase Bank, National Association, because of the fraudulent wire.
12. ALAN CHERMIT received the sum of $189,888.00 in an account at Bank of America, because of the fraudulent wire.
13. Of these funds, following Plaintiff's reporting of the fraud, a total of only $59,674.92 was recovered.
14. These named Defendants, LANAYA HILL and ALAN CHERMIT, are the knowing recipients of funds obtained through fraud and wire fraud schemes. They either:
    a. Opened or controlled accounts specifically for the purpose of receiving fraudulent wire transfers;
    b. Worked in concert with the other John Doe Defendants to facilitate the fraudulent scheme;
    c. Have since transferred, withdrawn, or otherwise disposed of the fraudulently obtained funds.
15. The unnamed John Doe Defendants participated in various aspects of the fraudulent scheme, including but not limited to receiving or controlling the fraudulently obtained funds; and transferring or laundering the proceeds of the fraud.

16. As a direct and proximate result of Defendants' fraudulent scheme, FSSI has suffered damages consisting of direct financial losses totaling $379,776.00 less sums recovered, and consequential damages.

## FOR A FIRST CAUSE OF ACTION
### (CONVERSION)

17. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

18. FSSI has a right of possession in the sum of $379,776.00 less sums recovered that was obtained through fraudulent wire transfers.

19. Defendants LANAYA HILL and ALAN CHERMIT and JOHN DOES exercised unauthorized dominion and control over these funds, inconsistent with Plaintiff's ownership rights.

20. Defendants either transferred the funds to other accounts, withdrew and spent the funds, or otherwise converted them to their own use.

21. Plaintiff has demanded return of the funds and has been refused.

22. FSSI has suffered damages equal to the full value of the converted funds, punitive damages, actual damages, and prejudgment and post-judgment interest.

## FOR A SECOND CAUSE OF ACTION
### UNJUST ENRICHMENT

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

24. Defendants LANAYA HILL and ALAN CHERMIT and JOHN DOES received and retained possession and control of funds totaling $379,776.00 that were obtained through fraud and without Plaintiff's consent or authorization.

25. Defendants received these funds under circumstances in which it is against equity and good conscience for them to retain them without compensating Plaintiff.

26. Plaintiff conferred a benefit upon Defendants (the transfer of funds to their accounts) under the mistaken belief that such transfers were authorized business wire transfers.

27. Defendants had knowledge of the circumstances of the transfer and their own receipt of funds obtained through fraud.

28. Defendants have unjustly enriched themselves at FSSI's expense and are liable to FSSI for the full value of the fraudulently obtained funds.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of FSSI and against Defendants as follows:

1. For compensatory damages in the amount of $379,776.00 less sums recovered, representing the net loss amount of funds fraudulently transferred;
2. For other actual damages and consequential damages as available;
3. For prejudgment interest;
4. For costs of suit and reasonable attorneys' fees;
5. For such other and further relief as the Court deems just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

_____
Dave Maxfield, Esq., FED ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

January 6, 2026